# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | | |
|---|---|---|
| **DOIS WAYNE CORDELL,** | ) | |
| **Plaintiff,** | ) ) ) | |
| vs. | ) ) | **6:22-cv-01146-LSC** |
| **MICHAEL HAMMOCK, et al.,** | ) ) ) | |
| **Defendants.** | ) | |

### Memorandum of Opinion

Plaintiff Dois Wayne Cordell ("Plaintiff") brings the present action against Defendant Michael Hammock ("Hammock"), the City of Sumiton ("the City"), the Sumiton Police Department ("SPD"), and the Sumiton Fire Department ("SFD"). Plaintiff asserts state-law claims of assault (Count I) and battery (Count II) against all three Defendants; claims of conversion (Count IV) and false imprisonment (Count V) against the City and SPD; and, in Count III, Plaintiff asserts a claim under 42 U.S.C. § 1983 for false imprisonment against the City and SPD. Before the Court is Defendant Hammock's Motion to Dismiss (Doc. 6) and the City, SPD, and SFD's Joint Motion to Dismiss (Doc. 9). For the reasons stated below, the City's Motion to Dismiss is due to be **GRANTED** as to the § 1983

claim. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and will dismiss them without prejudice.

## I. BACKGROUND

This case arises from Plaintiff's arrest for assault. On May 20, 2021, Plaintiff and Tammie Hammock ("Ms. Hammock") got in a verbal disagreement regarding their shared property line. (Doc. 1, p. 11). Plaintiff alleges that Ms. Hammock eventually escalated the situation by trespassing onto his property and "assault[ing] him verbally and physically." (*Id.* at 15). Afterwards, Ms. Hammock called 911.

Mr. Hammock, a firefighter for SFD, allegedly responded to the call by driving to the property and confronting Plaintiff. According to Plaintiff, when Mr. Hammock arrived, he "physically and violently assaulted [him] . . . then pulled a gun and pointed it in a threating manner at [his] body and head." (*Id.* at 21). SPD officers later arrived at the scene and arrested Plaintiff.

Plaintiff was later charged with two counts of assault in state court related to the incident. (*Id.*). As of today, Plaintiff's state court proceedings remain pending.

## II. STANDARD OF REVIEW

The Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  To survive a 12(b)(6) motion to dismiss, a

plaintiff must generally satisfy the pleading requirements in Fed. R. Civ. P. 8. Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 678 (internal quotations omitted). *Iqbal* establishes a two-step process for evaluating a complaint. The Court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Next, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* Factual allegations in a complaint need not be detailed, but they "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing the plaintiff's complaint, the Court must "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

A party need not specifically plead each element in his or her cause of action, but the pleading must contain "enough information regarding the material elements of a cause of action to support recovery under some viable legal theory." *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami, Fla.*, 637 F.3d 1178, 1186 (11th Cir. 2011). Ultimately, the Court must be able to draw a reasonable inference from the facts that the other party is liable. *Reese v. Ellis, Painter, Ratterree & Adams*, LLP, 678 F.3d 1211, 1215 (11th Cir. 2012). Regardless, the Court must construe pleadings broadly and resolve inferences in the nonmoving party's favor. *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006).

## III. Discussion

### A. Plaintiff's § 1983 Claim

In Count III, Plaintiff alleges the City is liable under § 1983 for the SPD officers falsely imprisoning him.[1] The actions of employees generally do not subject a municipality to liability in § 1983 actions. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978) ("[W]e conclude that a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."). Instead,

---

[1] Plaintiff also asserts Count III against the SPD. However, an Alabama police department is not a legal entity capable of being sued. *See Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992). Therefore, the Court evaluates Count III as if it had only been asserted against the City.

municipalities may be held liable under § 1983 only when an employee's alleged violation of a person's constitutional rights arises from the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Id.* at 694. Thus, to establish municipal liability under § 1983, "a plaintiff must show: (1) that [his] constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

"A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997) (citing *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1479–80 (11th Cir. 1991)). "Although not authorized by written law, such practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–68 (1970)). Thus, municipal liability may be based on: "(1) an action taken or policy made by an official responsible for making final policy in that area of the city's business; or (2) a practice or custom that is so pervasive, as to be

the functional equivalent of a policy adopted by the final policymaker." *Church v. City of Huntsville*, 30 F.3d 1332, 1343 (11th Cir. 1994). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability" against a municipality. *City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality opinion). "A pattern of similar constitutional violations . . . is 'ordinarily necessary.'" *Connick v. Thompson*, 131 S.Ct. 1350, 1360 (2011) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 409 (1997)).

Plaintiff's allegations are insufficient to establish the City had a policy or custom that resulted in the constitutional violation he alleges. Outside of Plaintiff's allegations concerning the incident that gave rise to this case, Plaintiff's Complaint contains only three allegations arguably relevant to his *Monell* claim.

First, Plaintiff alleges: "The City of Sumiton has been negligent in the hiring, training and retention of its employees and agents." (Doc. 1 ¶ 28). This conclusory allegation, even if true, would be insufficient to establish *Monell* liability. *See City of Canton, Ohio v. Harris,* 489 U.S. 378, 389 (1989)("Only where a municipality's failure to train its employees in a relevant respect evidences a '*deliberate indifference*' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983.")(emphasis added).

Second, Plaintiff alleges: "The City, through [its] agents, committed assault, battery, conversion, false imprisonment, and violated Cordell's constitutional rights and discriminated against Cordell based on his age and gender." (Doc. 1 ¶ 28). Again, even if this conclusory allegation were true, it too would fail to establish liability under *Monell* because it is based on a repondeat superior theory. *See Monell*, 436 U.S. at 691 ("a municipality cannot be held liable under § 1983 on a respondeat superior theory.")

Finally, Plaintiff alleges: "[The City] . . . acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive the Plaintiff of his constitutional rights when they unlawfully detained and arrested him. This belief is based, in part, on the fact that their actions were ordered, authorized, and/or ratified by [the City]." (*Id.* at ¶¶48, 49). This third conclusory allegation is also insufficient to state a claim under *Monell*. Plaintiff alleged no facts indicating the City "ordered, authorized, and/or ratified" the officers to arrest him. Plaintiff alleges no facts indicating the City has a policy or custom of committing Constitutional violations of the type he alleges. Further, Plaintiff does not allege facts indicating that the actions complained of were conducted pursuant to the directive of a final decisionmaker. Plaintiff likewise does not allege facts indicating that the actions he complains of were "so pervasive, as to be the functional

equivalent of a policy adopted by the final policymaker." *Church*, 30 F.3d at 1343. In fact, Plaintiff's complaint does not allege that any other incidents of wrongful arrest have occurred in the City.[2]

Instead, Plaintiff alleges that on one occasion, the City's officers arrested him without probable cause. However, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability" against a municipality. *City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality opinion). Accordingly, the City's Motion to Dismiss Plaintiff's § 1983 Claim is due to be GRANTED.

### B. PLAINTIFF'S STATE LAW CLAIMS

The only claim over which this Court could have original jurisdiction is Plaintiff's §1983 claim. All of Plaintiff's other claims are asserted against Alabama citizens and are based on Alabama law. Therefore, this Court could only have subject matter jurisdiction over Plaintiff's state law claims pursuant to the supplemental jurisdiction provision of §1367(a).

In accordance with 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims

---

[2] Plaintiff's reply brief states "Cordell's complaint . . . describes several instances of unconstitutional activity that evidence (sic) an existing, unconstitutional municipal policy, which policy (sic) can be attributed to a municipal policymakers (sic)." (Doc. 14, p. 14). The Court has repeatedly reviewed the Complaint and has been unable to find any of these "several instances."

over which it has original jurisdiction," as it has in the present case. This decision is "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). In the interests of comity and fairness, this court therefore declines to consider the merits of Plaintiff's state law claims. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

## IV. CONCLUSION

For the reasons stated above, the City's Motion to Dismiss is due to be granted as to Plaintiff's § 1983 claim. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and will dismiss these claims without prejudice. Plaintiff may refile these state law claims in state court if he chooses to do so. The Court will enter an Order consistent with this Memorandum of Opinion.

**DONE** AND **ORDERED** ON DECEMBER 14, 2022.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
211854